In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 23-3220

UMESHKUMAR SONI,

*Plaintiff-Appellant,*

*v.*

UR JADDOU, Director, U.S. Citizenship and Immigration Services,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:23-cv-50061 — **Iain D. Johnston**, *Judge.*

---

ARGUED MAY 29, 2024 — DECIDED JUNE 6, 2024

---

Before EASTERBROOK, BRENNAN, and SCUDDER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Umeshkumar Soni, a citizen of Canada, has been in the United States unlawfully for more than a year. Now he wants an immigrant visa. To obtain one he must leave the United States and wait abroad for at least ten years. 8 U.S.C. §1182(a)(9)(B)(i)(II). Officials can waive that waiting period, but most aliens cannot apply for a waiver

while still in the United States—and, if an application made from abroad is denied, the State Department will not begin to address a visa application until the decade has expired. That's because eligibility for a visa depends on admissibility to this nation, 8 U.S.C. §§ 1201(g), 1255(a), and someone subject to the ten-year waiting period is inadmissible.

One class of aliens may apply for a waiver of inadmissibility while still in the United States. A person "who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence" may obtain a pre-departure waiver "if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien." 8 U.S.C. §1182(a)(9)(B)(v). Soni claims that he qualifies for this exception—though his briefs do not give any details beyond his statement that he applied on Form I-601A. After his application had been pending for 17 months, Soni sued and asked the district court to direct the agency to render a decision within 14 days. But the district court dismissed the complaint for lack of jurisdiction, relying on the final sentence in §1182(a)(9)(B)(v). 2023 U.S. Dist. LEXIS 206703 (N.D. Ill. Nov. 17, 2023).

That sentence reads: "No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." ("This clause" refers to the rest of §1182(a)(9)(B)(v).) Soni observes that delay in addressing an application is not a "decision" on that application. Granted. His problem is that courts lack jurisdiction to review a "deci-sion *or action regarding*" a waiver. Setting priorities—for exam-ple, how many employees to assign to processing applications

under this clause, as opposed to handling other duties—is an "action regarding" waivers.

Many applications for waivers are easy to address, but others pose questions about whether the applicant has a qualifying relative or whether "refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent." *Smith v. Garland*, No. 23-2874 (7th Cir. June 3, 2024), shows that it can be difficult to answer a seemingly simple question such as whether A is married to B. Allocating more personnel to dig into matters faster for one class of aliens would mean delayed decisions for others: the Judicial Branch lacks authority to direct Congress to increase the agency's budget and hire a larger staff.

Soni tells us that the Administrative Procedure Act presumptively allows judicial review of agency inaction. That is true, see 5 U.S.C. §706(1), but this grant of authority comes with an exception: it does not apply when "statutes preclude judicial review". 5 U.S.C. §701(a)(1). Section 1182(a)(9)(B)(v) does just that, so by its own terms the APA drops out. No review means no review; the statute does not need to list all of the many potential legal theories that are not reviewable. Cf. *Patel v. Garland*, 596 U.S. 328 (2022). Section 1182(a)(9)(B)(v) lacks a proviso parallel to the one in 8 U.S.C. §1252(a)(2)(D), which allows judicial review of legal matters. Cf. *Wilkinson v. Garland*, 601 U.S. 209 (2024).

We grant that the current delay is onerous. In the past seven years the number of annual applications for this program has fallen by almost 50% (from roughly 66,000 to roughly 36,000) while the average processing time has risen by a factor of nine (from 4.9 months in 2017 to 43 months currently). See  https://egov.uscis.gov/processing-times/  (time)

and https://www.uscis.gov/tools/reports-and-studies/immigration-and-citizenship-data/ (number of applications). Still, it is the duty of the Executive Branch to address this operational problem; our duty is to abide by the law as enacted, including the prohibition on judicial review.

As far as we can see, no other court of appeals has held that a district court may order the Executive Branch to process waiver applications under §1182(a)(9)(B)(v) on any particular schedule, let alone within 14 days.

If the agency were to order Soni removed from the United States while his waiver application remains pending, that decision would be reviewable under 8 U.S.C. §1252(a)(1). But this possibility does not allow judicial intervention in the absence of a removal order.

AFFIRMED